UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INGRID J. PIERCE, | ) |
| Petitioner, | ) Case No. 5:05-cv-87 |
| v. | ) Honorable Richard Alan Enslen |
| GENE WIGGLESWORTH, | ) |
| Respondent. | ) |

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner also has filed a motion to expedite consideration of her petition. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the motion to expedite (Dkt. No. 3) should be granted and the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.       Factual allegations

Petitioner Ingrid J. Pierce presently is incarcerated in the Ingham County Jail. According to the allegations in the complaint, she pled guilty on September 30, 2004 to one count of use of a controlled substance, in violation of MICH. COMP. LAWS § 333.7404(2)(a). The Michigan 54-A District Court for the City of Lansing sentenced Petitioner to 180 days in jail, with credit for time served and 120 days suspended, together with twelve months of probation. Petitioner thereafter committed three probation violations. Hearings were held after each of the violations. The district court continued probation on the first two occasions, but, on March 24, 2005, the court revoked probation and sentenced Petitioner to 180 days on the probation violation. No credit was given for time served. On May 5, 2005, the district court conducted a hearing on Petitioner's motion to amend sentence. At that hearing, the court clarified that it had intended at the March 24, 2005 hearing to revoke probation and to sentence Petitioner to 180 days in excess of any time served, so that she could participate in a particular substance abuse program while in jail. The court acknowledged that it had erred in not giving credit for time served, inasmuch as probation was revoked. The court therefore amended the sentence to reflect its earlier intent, sentencing Petitioner to 240 days in jail, with credit for the 68 days already served, so that Petitioner would actually serve the 180-day sentence contemplated at the March 24, 2005 sentencing. Petitioner filed a motion for bond pending appeal, which was heard by the district court on May 10, 2005. The court denied bond.

Petitioner appealed the sentence to the 30th Judicial Circuit Court for Ingham County, renewing her motion for bond pending appeal and requesting a stay of proceedings. Both motions

were denied and the sentence was affirmed. Petitioner apparently has filed an application for leave to appeal to the Michigan Court of Appeals. No briefs have yet been filed in that court.

## II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that, by the time her case can be heard in the Michigan courts, she will have fully served her sentence, barring any effective remedy in the state courts. Petitioner cites no authority for the proposition that a state court appeal, while timely invoked and decided, warrants

avoidance of the exhaustion requirement whenever a petitioner argues that the time of sentence will exceed the time necessary for appeal.

The Sixth Circuit Court of Appeals has recognized that a habeas court may excuse exhaustion in those limited circumstances in which further action in state court "would be an exercise in futility." *See Turner v. Bagley*, 401 F.3d 718, 724-25 (6th Cir. 2005) (quoting *Lucas v. People*, 420 F.2d 259, 262 (6th Cir. 1970) (holding that "such a judicial runaround is not mandated" by the exhaustion requirement)). In *Turner*, the court considered circumstances in which a series of appointed attorneys had failed to prosecute the petitioner's appeal for eight years, from 1993 to 2001, and where the court of appeals had eventually dismissed his action for failure to prosecute. The *Turner* court held that the delay in the adjudication of Turner's appeal, accompanied by the failure of his appointed attorneys to file a brief on his behalf, rendered the state process ineffective or inadequate to protect his federal constitutional rights such that the exhaustion requirement should be excused. In support of its reasoning, the court reviewed the underpinnings for the exhaustion requirement: the principles of comity and federalism. As the *Turner* court observed, the exhaustion requirement provides state courts an opportunity to address alleged flaws in their criminal procedures. *Id.* "The requirement is based on the presumption that states maintain adequate and effective remedies to vindicate federal constitutional rights." *Id.* (citing *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) ("[T]he principle that federal courts should defer to state courts in the interest of comity assumes that the state courts will give prompt consideration to claims of violation of constitutional rights."). On the egregious record of the *Turner* case, the court held that the Ohio state courts did not give prompt consideration to Turner's claims and that Turner's petition defeated the presumption of adequate and effective remedies at the state level. *Id.*

In *Workman v. Tate*, the Sixth Circuit held that a habeas corpus petitioner's failure to exhaust state remedies should be excused where his "petition for post-conviction relief has languished in state court for more than three years." *Workman*, 957 F.2d at 1344. The court reasoned that the state court's inordinate delay in adjudicating the petitioner's claims rendered the state procedures "ineffective or inadequate" and thus "undercut" the foundation of the exhaustion requirement. *Id.* at 1344.

The instant case falls well outside the narrow exception to the requirement of exhaustion established in *Workman* and *Turner*. Here, Petitioner already has pursued one level of state-court appeal, where she requested and received immediate review. Petitioner alleges that she has filed an application for leave to appeal to the Michigan Court of Appeals. She does not allege that she has any basis for believing that she will be subjected to abnormal delays in that court. Further, she does not allege that she has even attempted to obtain either expedited consideration or bond pending appeal from the Michigan Court of Appeals, which could either shorten her review process or remove the immediacy of her need for review. This Court therefore has no basis for disregarding the presumption that the Michigan Court of Appeals will act promptly in adjudicating the case before it and that state-court remedies are ineffective to address Petitioner's concerns. *See Turner*, 401 F.3d at 725 (discussing presumption); *Tinsley v. O'Dea*, No. 97-5419, 1998 WL 124045, *2 (6th Cir. Mar. 12, 1998) (finding presumption not overcome).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues she has presented in this application: completion of the review process in the Michigan Court of Appeals and the Michigan

Supreme Court. Petitioner's claims therefore are not exhausted and not yet subject to federal habeas corpus review.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because she has failed to exhaust state court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage

in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:  
    June 13, 2005

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE